UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 22-2852 PA (PLAx) | Date | June 14, 2022 |
|---|---|---|---|
| Title | Robert B. Hall v. FedEx Ground Package System, Inc. et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**     IN CHAMBERS – COURT ORDER

Before the Court is a Motion to Remand filed by plaintiff Robert B. Hall ("Plaintiff"). Defendant FedEx Ground Package System, Inc. ("FedEx Ground") alleges that this Court has diversity jurisdiction over it and defendant GHG Corporation ("GHG") based on the Class Action Fairness Act ("CAFA").  See 28 U.S.C. § 1332(d)(2).  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for June 13, 2022, is vacated, and the matter taken off calendar.

I.     **Factual and Procedural Background**

Plaintiff commenced this wage-and-hour action in Los Angeles Superior Court on August 9, 2019.  Plaintiff's state court Complaint asserted ten causes of action:  (1) failure to provide required meal periods, Cal. Labor Code §§ 226.7, 510,512, 1194, 1197; Industrial Wage Commission Order ("IWC Order") No. 9-2001, § 11; (2) failure to provide required rest periods, Cal. Labor Code§§ 226.7, 512; IWC Order No. 9-2001, § 12; (3) failure to pay overtime wages, Cal. Labor Code§§ 510, 1194, 1198; IWC Order No. 9-2001, § 3; (4) failure to pay minimum wage, Cal. Labor Code§§ 1194 - 1197; IWC Order No. 9-2001, § 4; (5) failure to pay all wages due to discharged or quitting employees, Cal. Labor Code §§ 201, 202, 203; (6) failure to maintain required records, Cal. Labor Code§§ 226,1174; IWC Order No. 9-2001, § 7; (7) failure to provide accurate itemized wage statements, Cal. Labor Code§§ 226; IWC Order No. 9-2001, § 7; (8) failure to indemnify employees for necessary expenditures incurred in discharge of duties, Cal. Labor Code § 2802; (9) unlawful deductions from wages, Cal. Labor Code§§ 221,223, 400410; IWC Order No. 9-2001, § 8; and (10) unfair and unlawful business practices, Cal. Bus. & Prof. Code§§ 17200 et. seq.  (Docket No. 1-1; Exh. 1.)

The Complaint alleges a putative class consisting of:  "all current and former drivers of defendant FedEx Ground Package System, Inc who drove in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2852 PA (PLAx) | Date | June 14, 2022 |
|---|---|---|---|
| Title | Robert B. Hall v. FedEx Ground Package System, Inc. et al. | | |

this action settles or proceeds to final judgment. (Compl. ¶ 5.) The Complaint did not specify a damages amount. (See generally Compl.)

FedEx Ground filed its First Notice of Removal on October 17, 2019, alleging that the Court has jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a)(1) and the amount in controversy exceeded $75, 000. (Robert B. Hall v. FedEx Ground Package System, Inc. et al; 2:19-cv-08973-PA-PLA.) In an October 21, 2019 Minute Order, the Court remanded the action concluding that FedEx Ground failed its burden of showing the Court had subject matter jurisdiction over Plaintiff's claims. (See id.; Docket No. 9.) Plaintiff filed an amended complaint ("FAC") on July 23, 2020 alleging the same class definition as the first Complaint and eight causes of actions under California law. (Docket No. 1-1; Exh. 10.)

FedEx Ground filed its Second Notice of Removal ("Notice of Removal" or "NOR") on April 28, 2022. FedEx Ground alleges that on February 16, 2022, "it propounded Special Interrogatories (Set One) to Plaintiff seeking more specific information regarding Plaintiff's allegations and that on March 28, 2022, Plaintiff electronically served his responses to FedEx Ground's Special Interrogatories (Set one)." (NOR ¶ 31.) FedEx Ground further alleges: "[R]emoval is timely filed as required by 28 U.S.C. section 1446(b) because it has been filed within 30 days of service of Plaintiff's verified responses to Special Interrogatories (Set One), from which it was first ascertained that the amount in controversy makes the case removable pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) because the amount at issue exceeds the jurisdictional threshold of $5,000,000." (NOR ¶ 33.)

Plaintiff moves to remand this action because the removal was untimely and that FedEx Ground failed its burden to prove the amount in controversy.

**II.    Legal Standard**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by Congress and the Constitution. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. Id. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2852 PA (PLAx) | Date | June 14, 2022 |
|---|---|---|---|
| Title | Robert B. Hall v. FedEx Ground Package System, Inc. et al. | | |

Federal subject matter jurisdiction may be based on diversity of citizenship pursuant to CAFA. See 28 U.S.C. § 1332(d)(2). "[T]he burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006) (per curiam). "The notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 788 (9th Cir. 2018) (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 82 (2014)).

However, "[i]f the amount in controversy is not clear from the face of the complaint, 'the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." Id. at 788-89 (quoting Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015)). "Along with the complaint, [courts] consider allegations in the removal petition, as well as 'summary-judgment-type-evidence related to the amount in controversy at the time of removal.'" Id. at 793 (quoting Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005)). "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." Ibarra, 775 F.3d at 1197. "[A] damages assessment may require a chain of reasoning that includes assumptions," but "those assumptions cannot be pulled from thin air" and "need some reasonable ground underlying them." Id. at 1199.

"The defendant also has the burden of showing that it has complied with the procedural requirements for removal." See, e.g., Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001). These procedures include a requirement that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

### III. Analysis

Here, the parties do not dispute CAFA's requirements of minimum diversity and class numerosity; rather, the parties' dispute is over the timeliness of FedEx Ground's removal and the amount in controversy requirement. Because the Court concludes that FedEx Ground's removal is untimely, the Court need not address the parties' other arguments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2852 PA (PLAx) | Date | June 14, 2022 |
|---|---|---|---|
| Title | Robert B. Hall v. FedEx Ground Package System, Inc. et al. | | |

As an initial matter, the Court rejects FedEx Ground's "request" to construe the basis for removal jurisdiction to be anything other than its unambiguous allegations included in its Notice of Removal.[1/] Rather than clarify defective allegations of jurisdiction previously made, FedEx Ground attempts to add allegations of substance. Cf. 28 U.S.C. § 1653; Snell v. Cleveland, Inc., 316 F.3d 822, 828 (9th Cir. 2002) ("The primary purpose of § 1653 is to permit correction of incorrect statements about extant jurisdiction.") Instead of seeking to correct incorrect statements, FedEx Ground argues that a different set of facts serve as the basis for removal jurisdiction. In essence, FedEx Ground improperly asks for a substantive amendment, not a curative one.

Accordingly, the Court finds FedEx Ground's timeliness argument, including its reliance on California Code of Civil Procedure § 1013, unavailing.[2/] Nowhere in the Notice of Removal does FedEx Ground reference an April 29, 2022 service date. The import of FedEx Ground's allegations regarding electronic service are clear, which allegations indicate that March 28, 2022, the day Plaintiff electronically served his responses to FedEx Ground's Special Interrogatories (Set one), is the critical date for purposes of evaluating timeliness. (See NOR; Morgan Decl. ¶ 28.)

The Court thus agrees with Plaintiff that the Notice of Removal must have been filed by April 27, 2022 to be timely. FedEx Ground's filing of its Notice of Removal came one day late on April 28, 2022 and is therefore untimely.

---

[1/] Specifically, in its opposition papers, FedEx Ground states that the Court should treat its memorandum and supporting declaration as an amendment to its Notice of Removal: "Paragraphs 32, and 33 of FXG's Removal are, unfortunately, not a model in clarity. Although paragraph 33 noted that the Removal was timely 'filed within 30 days of service of Plaintiff's verified responses to Special Interrogatories,' it would be more accurate to say that the removal was filed within 30 days of receipt of the interrogatory responses, subsequent additional information regarding the scope of Plaintiff's proposed class, and the reasonable time necessary to calculate the amount in controversy based on this information and is therefore timely as shown above." (Def. Mem. at 14-16.)

[2/] Section 1013, subdivision (a), states in pertinent part: "In the case of service by mail, . . . [s]ervice is complete at the time of the deposit, but any period of notice and any right or duty to do any act or make any response within any period or on a date certain after service of the document, which time period or date is prescribed by statute or rule of court, shall be extended five calendar days, upon service by mail, if the place of address and the place of mailing is within the State of California[.] . . . " Moreover, FedEx Ground does not explain or address the relevance of § 1013 which concerns service by mail, Express Mail, or facsimile transmission.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2852 PA (PLAx) | Date | June 14, 2022 |
|---|---|---|---|
| Title | Robert B. Hall v. FedEx Ground Package System, Inc. et al. | | |

      FedEx Ground's reliance on Roth v. CHA Hollywood Med. Ctr., L.P., 720 F.3d 1121, 1124 – 25 (9th Cir.2013) (holding that a "defendant who has not lost the right to remove because of a failure to timely file a notice of removal under § 1446(b)(1) or (b)(3) may remove to federal court when it discovers, based on its own investigation, that a case is removable") is misplaced. There, the Circuit concluded that "§§ 1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." Id. at 1125. Under the circumstances here, however, the Court accepts the explicit allegations in FedEx Ground's Notice of Removal indicating that the statutory 30-day time limit was triggered on March 28. 2022.[3/]

## Conclusion

      Accordingly, the Court finds FedEx Ground's Notice of Removal procedurally defective, and grants Plaintiff's Motion to Remand. In light of the foregoing, the Court declines Plaintiff's request for judicial notice (Docket No. 15-2). This action is hereby remanded to the Los Angeles County Superior Court, Case No. 19STCV26934. See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.

---

[3/]     As the Ninth Circuit noted, a "defendant should not be able to ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so." Roth, 720 F.3d at 1125. FedEx Ground claims that receipt of discovery documents from Plaintiff and its own subsequent investigation enabled it to determine that the CAFA amount in controversy was met and that it removed the action under 1446(b). FedEx Ground's belated argument that neither mandatory 30-day period was triggered is inconsistent with its Notice of Removal.